UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SHERI DUGAS, individually and on behalf of her minor daughters, MADISON DUGAS and GABRIELLE DUGAS | CIVIL ACTION NO. 6:16-cv-00427 |
| VERSUS | JUDGE DOHERTY |
| CHAD BRANHAM, ET AL. | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Pending before this Court is a motion to remand (Rec. Doc. 28), which was filed by the plaintiff, Sheri Dugas. The motion is opposed. The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. For the following reasons, it is recommended that the motion be granted.

### BACKGROUND

The plaintiff alleged that, on February 9, 2015, she was injured when her vehicle was involved in a collision on the I-10 entrance ramp in Scott, Louisiana. The plaintiff filed suit in the 15th Judicial District Court, Lafayette Parish, Louisiana, asserting claims against Chad Branham (the alleged defendant driver), Progressive Casualty Insurance Company (Mr. Branham's alleged insurer), and Allstate Property and Casualty Insurance Company (the alleged UM insurer of the vehicle in which she

was riding at the time of the accident). Progressive removed the action to this forum. Allstate neither joined in the removal nor consented to the removal.

This case arises out of the same accident underlying the case styled *Jeanmard v. Branham*, Civil Action No. 6:16-cv-00343. In the *Jeanmard* case, this Court undertook a *sua sponte* analysis of the court's subject-matter jurisdiction. Finding that it could not determine whether the parties are diverse in citizenship or whether the amount in controversy exceeds the jurisdictional threshold, this Court ordered Progressive to submit a brief addressing those issues. Upon receipt of Progressive's brief, this Court scheduled a telephone status conference concerning both the *Jeanmard* case and this one. During that conference, the plaintiff represented that the amount in controversy in each case was less than $75,000 at the time of removal and stated that a motion to remand would be filed. The motion to remand soon followed.

## ANALYSIS

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[1] Accordingly, federal courts have subject-matter jurisdiction only over civil actions presenting a federal question[2]

---

[1] *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010).

[2] 28 U.S.C. § 1331.

and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[3] The party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[4] Therefore, when an action is removed from state court, the removing party bears the burden of proving that federal-court jurisdiction exists.[5] In this case, Progressive must bear that burden.

### A. PROCEDURAL DEFECTS

The "rule of unanimity," which is codified at 28 U.S.C. § 1446(b)(2)(A), states that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action to federal court." Allstate did not consent to Progressive's removal of this action, but Allstate's counsel filed an appearance. (Rec. Doc. 11). During the telephone status conference of October 27, 2016, Allstate indicated its consent to the removal and agreed to file a consent and an affidavit setting forth its state of incorporation and principal place of business. (Rec. Doc. 24). After the conference, Allstate was ordered to do so. (Rec. Doc. 25). Allstate did not comply with the order.

---

[3] 28 U.S.C. § 1332.

[4] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[5] *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995), *cert. denied*, 516 U.S. 865 (1995).

During the telephone conference, Allstate also indicated that it had already settled Ms. Dugas's claim. Thereafter, the plaintiff and Allstate filed a joint motion for dismissal of the claims against Allstate. (Rec. Doc. 25).

This Court finds that the removal of this action may have been procedurally defective due to the lack of consent by Allstate. However, this issue was not raised in the plaintiff's remand motion.

**B.  DIVERSITY OF CITIZENSHIP**

The plaintiff did not argue in her remand motion that the parties are not diverse in citizenship; however, this Court finds that it is impossible, on the basis of the record as it currently exists, to determine whether the parties are diverse.

In her petition, the plaintiff alleged that she is domiciled in Louisiana. The citizenship of a natural person is determined by the state in which he is domiciled.[6] Accordingly, the plaintiff's allegation established that she is a Louisiana citizen.

The plaintiff alleged in her petition that defendant Chad Branham resides in Texas. Because residence and domicile are different, "an allegation that a party is a resident of a certain state is not a sufficient allegation of his citizenship in that state."[7] Evidence of a person's place of residence, however, is *prima facie* proof of his

---

[6]  *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

[7]  *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir. 1971).

domicile.[8] The defendants did not challenge the plaintiff's allegation regarding Mr. Branham's residence. In the reply memorandum supporting her motion to remand, however, the plaintiff suggested that Mr. Branham may actually be a Louisiana citizen, but stated that she cannot confirm whether he is a Louisiana citizen or a Texas citizen. This argument cannot be considered because arguments raised for the first time in a reply brief are waived.[9]

The two other defendants are corporations. A corporation is a citizen of the state where it was incorporated and the state where it has its principal place of business.[10] In its removal notice, Progressive alleged that it was incorporated in and has its principal place of business in Ohio. (Rec. Doc. 1 at 2). No evidence was presented in support of this allegation, but this Court accepts that allegation as true.

In its removal notice, Progressive did not address Allstate's citizenship, and Allstate disregarded this Court's order to submit evidence of its state of incorporation and principal place of business. Therefore, there is no evidence in the record establishing Allstate's citizenship. Although there is evidence in the record that Allstate settled the plaintiff's claims against it, the plaintiff's claims against Allstate

---

[8] *Hollinger*, 654 F.3d at 571.

[9] See, e.g., *United States v. Jackson*, 426 F.3d 301, 304 n. 2 (5th Cir. 2005).

[10] 28 U.S.C. § 1332(c)(1).

have not yet been dismissed, and no party argued that the settlement is a basis for disregarding Allstate's citizenship in the diversity calculus. Therefore, that issue was not considered.

As the removing defendant, Progressive has the burden of establishing that the parties are diverse in citizenship. Progressive did not satisfy its burden, and this Court remains unable to determine whether the parties are diverse in citizenship.

### C. THE AMOUNT IN CONTROVERSY

In her remand motion, the plaintiff challenged Progressive's contention that the amount in controversy exceeds the jurisdictional minimum. The amount in controversy is the sum claimed by the plaintiff in his complaint if the claim was apparently made in good faith.[11] When the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.[12] This burden can be satisfied either by demonstrating that the amount in controversy is facially apparent from the plaintiff's pleadings or by setting forth the facts in controversy, with

---

[11] *St. Paul Reinsurance v. Greenberg*, 134 F.3d at 1253; *De Aguilar v. Boeing Co.*, 47 F.3d at 1408.

[12] *Simon v. Wal–Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

summary-judgment-type evidence, that support a finding of the requisite amount.[13] "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pleaded. The defendant must produce evidence that establishes that the actual amount in controversy exceeds [the jurisdictional amount]."[14] Thus, the district court must first examine the complaint to determine whether it is facially apparent that the plaintiff's claims exceed the jurisdictional threshold; if it is not facially apparent, the court may then rely on summary-judgment-type evidence to ascertain the amount in controversy.[15] Any doubts as to the propriety of removal are construed strictly in favor of remand.[16]

In Louisiana, plaintiffs are not permitted to plead a specific dollar amount of damages.[17] Therefore, the petition filed in this lawsuit does not request recovery of a specific amount. This Court further finds that the amount in controversy is not apparent from the face of the plaintiff's petition.

---

[13] *Simon v. Wal–Mart Stores*, 193 F.3d at 850; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d at 1335.

[14] *De Aguilar v. Boeing*, 47 F.3d at 1412 (emphasis in original).

[15] *Luckett v. Delta Airlines*, 171 F.3d at 298; *Allen v. R & H Oil & Gas Co.*, 63 F.3d at 1335.

[16] *In re Hot-Hed, Inc.*, 477 F.3d 320, 324 (5th Cir. 2007); *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

[17] Louisiana Code of Civil Procedure Article 893(A)(1). See, also, *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 388 (5th Cir. 2009).

The plaintiff alleges that she was injured in the subject automobile accident, and that both of her minor daughters, who were passengers in the vehicle at the time, were also injured. Because it is alleged that each of these persons sustained separate injuries, each person's claim must separately satisfy the jurisdictional threshold, and the value of the claims for separate injuries cannot be added together to meet the requisite jurisdictional amount.[18]

In her petition, the plaintiff alleged that she sustained "injury to her back, neck, shoulders, arms, and whole body" in the motor vehicle accident but provided no information concerning the precise nature or extent of her injuries. (Rec. Doc. 1-3 at 3). Although the plaintiff seeks to recover for her past, present, and future medical expenses, pain and suffering, mental pain and anguish, lost income and earning capacity, and other unspecified damages, neither the petition nor the removal notice nor the briefing submitted by any party in connection with the motion to remand explains the true nature and extent of the plaintiff's injuries, the type of medical care she received, the cost of her medical care, how much time she lost from work, how much she was earning on her job, or the type of medical care she is likely to require

---

[18] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995). See, also, *Snyder v. Harris*, 394 U.S. 332, 336 (1969); *Eagle Star Ins. Co. v. Maltes*, 313 F.2d 778, 779 (5th Cir. 1963).

in the future. The petition's allegations are too vague and lacking in specificity to support a finding that the plaintiff's likely damages exceed $75,000.

The allegations concerning each of her daughter's alleged injuries are also vague. It is alleged that each of them sustained injury to her "back, neck, shoulder, arms, and whole body" resulting in "pain, discomfort, and disability" and "restrictions and limitation on her activities." (Rec. Doc. 1-3 at 3-5). It is further alleged that each of the plaintiff's daughters sustained economic damages in the form of past and future medical expenses and past and future lost earnings or earning capacity. (Rec. Doc. 1-3 at 4, 5). But the petition contains no quantification of such damages or any basis for calculating them.

Accordingly, this Court finds that the injuries and damages alleged as to all three persons are so vague and lacking in specific factual support that it is not facially apparent that any one or more of these claims is valued at more than $75,000.

In opposition to the plaintiff's remand motion, Progressive offered no summary-judgment-style evidence establishing that the amount is controversy is greater than $75,000. Instead, Progressive argued that it is facially apparent that this requirement for federal-court jurisdiction is satisfied. The plaintiff argued, however, that as of the date of removal there was no evidence to support a finding that the amount in controversy exceeds the jurisdictional minimum.

Because the amount in controversy is not facially apparent, the removing defendant had an obligation to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold by setting forth relevant facts supported by summary-judgment-type evidence.[19] Progressive did not satisfy that burden. Therefore, this Court finds that the removing defendant failed to establish that the amount in controversy exceeds the statutory minimum.

### D. PENDING MOTIONS

There are several pending motions. Absent subject-matter jurisdiction, however, a federal district court can take no action whatsoever.[20] However, once it is established that the court lacks subject-matter jurisdiction, a district court does not err in denying any remaining pending motions as moot.[21] Accordingly, it is recommended that the pending motions be denied as moot due to the court's lack of subject-matter jurisdiction.

---

[19] *Simon v. Wal-Mart Stores*, 193 F.3d at 850; *Luckett v. Delta Airlines, Inc.*, 171 F.3d at 298; *Allen v. R & H Oil & Gas Co.*, 63 F.3d at 1335.

[20] "Without jurisdiction the court cannot proceed at all in any cause." *Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211, 217 (5th Cir. 1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868)), rev'd by *Ruhrgas AG v. Marathon Oil Co.*, 119 S.Ct. 1563, 1567 (1999) ("Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter, but there are circumstances in which a district court appropriately accords priority to a personal jurisdiction inquiry."). See, also, e.g., *Heaton v. Monogram Credit Card Bank of Georgia*, 231 F.3d 994, 1000 (5th Cir. 2000).

[21] *Bacani v. Dep't of Veterans Affairs*, 216 F.3d 1080, 1080 (5th Cir. 2000) (per curiam) (unpublished).

## CONCLUSION

Having found that it is not possible to determine whether the parties to this lawsuit are diverse in citizenship on the basis of the record as it currently exists, and having found that the removing defendant failed to prove that the amount in controversy is greater than the statutory minimum for federal-court jurisdiction, this Court recommends that the plaintiff's motion to remand be granted, recommends that this action be remanded to the 15th Judicial District Court, Lafayette Parish, Louisiana, and recommends that all pending motions be denied as moot.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds

of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on December 16, 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE